IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA-CO INDUSTRIES, INC., an Illinois Corporation, | ) ) ) ) Civil Action No. 14-cv-4727 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| J.P. NISSEN COMPANY, a/k/a JOHN P. NISSEN JR., COMPANY, a Pennsylvania corporation, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff La-Co Industries, Inc. ("La-Co"), by its undersigned attorneys, herein alleges as follows:

**NATURE OF THIS ACTION**

1. La-Co seeks injunctive and monetary relief against Defendant J.P. Nissen Company, aka John P. Nissen Jr., Company (hereinafter "Nissen"), for its infringement of La-Co's federally registered and protected trademark Reg. No. 2,297,470, in violation of the Lanham Act, 15 U.S.C. § 1114.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, especially § 1391(c)(2). Defendant has sold and offered for sale the infringing product in this judicial district, and is thus subject to this court's personal jurisdiction.

**PARTIES**

4. Plaintiff La-Co Industries, Inc. ("La-Co") is an Illinois corporation with its principal place of business located at 1201 Pratt Boulevard, Elk Grove Village, Illinois, 60007.

5. J.P. Nissen Company, a/k/a John P. Nissen Jr., Company ("Nissen") is a corporation under the laws of the State of Pennsylvania, with a principal place of business at 2544 Fairhill Avenue, Glenside, Pennsylvania 19038.

**STATEMENT OF FACTS**

6. Since at least 1962, La-Co and its predecessor in interest, Tempil, Inc., have manufactured hand-held temperature indicator crayons for use in global industries, including but not limited to metal fabrication, ship building and repair, bridge fabrication, forge and casting foundries, railroads, and iron and steel mills and warehouses.

7. These temperature indicator crayons are sold in a distinctive, hand-held holder, and are and have in the past been marketed by La-Co and its predecessor in interest under the TEMPILSTIK® trademark.

8. La-Co is the owner, by assignment from its predecessor in interest, Tempil, Inc., of United States Trademark Registration No. 2,297,470 ("the '470 Registration") for the configuration of this hand-held holder, and of the goodwill symbolized by the configuration mark and by its '470 Registration. A copy of the '470 Registration is attached as Exhibit A.

9. The '470 Registration is registered on the Principal Register of the United States Patent and Trademark Office. La-Co and its predecessors have used the trade dress of the hand-held marker, as shown in and protected by the '470 Registration, continuously since at least October, 1962. The '470 Registration was federally registered on December 7, 1999. The '470 Registration is legally incontestable under the Lanham Act, and was last renewed on December 19, 2008.

# COUNT I
# FEDERAL TRADEMARK INFRINGEMENT

10. La-Co incorporates by reference the statements and allegations contained in paragraphs 1 through 9 of the Complaint, as though fully set forth herein.

11. Nissen has sold and continues to sell, in the United States, the NISSEN® Temperature Stick product shown in Exhibit B. The NISSEN® Temperature Stick product shown in Exhibit B is a direct and blatant infringement of the '470 Registration, and the use and sale of the NISSEN® Temperature Stick product in the United States is likely to cause confusion with La-Co's TEMPILSTIK® product protected by the '470 Registration. The La-Co TEMPILSTIK ® product is shown in Exhibit C.

12. The NISSEN ® Temperature Stick product of Exhibit B is a direct competitor of the TEMPILSTIK® product of La-Co. Thus, the sale and promotion in the United States of the NISSEN ® Temperature Stick product will cause consumer confusion with the sale and promotion of La-Co's TEMPILSTIK® product.

13. Nissen's infringement of the '470 Registration is and has been willful.

14. By reason of the above actions, La-Co has suffered and will continue to suffer irreparable injury to its rights, and suffer substantial loss of goodwill and reputation, unless and until Nissen is restrained from continuing its wrongful acts.

15. By reason of the above actions, La-Co has suffered monetary damages in an amount to be determined at trial.

16. By reason of the above actions, La-Co is entitled to the full range of relief under the provisions of the Lanham Act and the U.S. laws relating to trademarks and unfair competition pursuant to 15 U.S.C. §§ 1114 et seq.

**IRREPARABLE INJURY**

17.     Nissen's willful, false and misleading commercial practices cause irreparable harm to La-Co by injuring the goodwill of the product and configuration mark protected by La-Co's '470 Registration.  Nissen's conduct also causes irreparable harm by causing consumers to believe, erroneously, that the products sold by Nissen are the same as the La-Co products, or that the Nissen products are licensed, sponsored, or endorsed by La-Co, and by damaging the image of La-Co's '470 Registration as a symbol of high-quality, prestige, and product integrity.  La-Co has no adequate remedy at law and is entitled to the full range of relief under the provisions of the Lanham Act, and the U.S. laws relating to trademarks, pursuant to 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

**PUBLIC INTEREST**

18.     Entry of an injunction would serve the public interest by eliminating the confusion and loss of goodwill caused by Nissen's practices, and protecting consumers from unwittingly purchasing products erroneously believed to be manufactured by La-Co.

**BALANCE OF HARDSHIPS**

19.     An injunction would have very little impact on Nissen, as it is believed that the product of Exhibit B comprises a small percentage of Nissen's total sales.  Failure to enter an injunction would be extremely harmful to La-Co, because of the harm done to its goodwill, and to the quality consumer image of La-Co products, by virtue of Nissen's continued infringement, and by virtue of the damage done by Nissen's interference with La-Co's customer relationships.

**PRAYER FOR RELIEF**

WHEREFORE, La-Co requests that this Court:

(a) Adjudge and declare that Nissen has infringed La-Co's '470 Registration, and engaged in unfair competition and misrepresentation in violation of 15 U.S.C. §§ 1114, and 1125(a) and (c);

(b) Issue preliminary and permanent injunctions prohibiting Nissen from infringing La-Co's '470 Registration, and its trademark, and from engaging in unfair competition and misrepresentation;

(c) Order Nissen to deliver up to be impounded, pending the outcome of this action, all products in its possession that infringe La-Co's '470 Registration;

(d) Order the destruction of all impounded products and/or products in Nissen's possession or control that infringe La-Co's '470 Registration trademark, upon the issuance of a permanent injunction;

(e) Order Nissen to pay to La-Co all monetary damages La-Co has sustained, and/or disgorge all profits resulting from the infringement of La-Co's '470 Registration; and based on Nissen's willful conduct, enhance such monetary relief pursuant to 15 U.S.C. § 1117.

(f) Order Nissen to pay to La-Co damages in an amount to be determined later, for Nissen's infringement of La-Co's '470 Registration.

(g) Adjudge and declare that Nissen willfully intended to trade on La-Co's reputation and the goodwill symbolized by La-Co's '470 Registration, knowing that its practices were deceptive, that this is an exceptional case, and that La-Co is entitled to an award of reasonable attorneys' fees in accordance with Sections 35(a) and 43(c)(2) of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1125(c)(2).

(h) Allow La-Co to recover the costs of this action and prejudgment interest and post-judgment interest; and

(i) Allow and provide such other relief as this Court may deem equitable.

## JURY DEMAND

Plaintiff La-Co demands a trial by jury on all counts so triable.

Date: June 23, 2014

Respectfully submitted

LA-CO INDUSTRIES, INC.

By: s/Daniel N. Christus
Daniel N. Christus
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois  60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: dchristus@mwe.com

*Attorneys for Plaintiff*